**Feng Ying LIU, Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

No. 02–73375.

Agency No. A72–841–898.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

Alphan K. Tsoi, Esq., Monterey Park, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Jennifer A. Parker, Washington, DC, for Respondent.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Feng Ying Liu, a native and citizen of China, petitions for review of the decision of the Board of Immigration Appeals affirming the immigration judge's ("IJ") order denying her applications for withholding of deportation and relief under the Convention Against Torture (the "Convention"). The transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply, and we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review the IJ's adverse credibility finding for substantial evidence. *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We deny the petition.

Substantial evidence supports the IJ's adverse credibility determination. The IJ concluded that Feng's demeanor was erratic and "[w]e give 'special deference' to a credibility determination that is based on demeanor." *Id.* at 1151. Furthermore, Feng's evasive responses at the deportation hearing to questions about her knowledge of the illegal gambling scheme to which she had pled guilty supported the IJ's "decision to give [her] testimony 'very little weight[.]'" *See Sarvia–Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir.1985).

Accordingly, the IJ properly denied Feng's applications for withholding of deportation and relief under the Convention. *Cf. Al–Harbi v. INS*, 242 F.3d 882, 889–90 (9th Cir.2001) (upholding IJ's conclusion that applicant had not established past persecution where IJ made proper adverse credibility determination).

We do not consider the IJ's denial of Feng's asylum application because she does not challenge that ruling on appeal. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.